IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD OTTO HANSEN,

                              Plaintiff,
                                                    CIVIL ACTION
           vs.                                      No. 06-3076-SAC

CORRECTIONS CORPORATION OF AMERICA, INC, et al.,

                              Defendants.


                              ORDER

     Plaintiff proceeds pro se on a civil complaint filed while he was confined in a federal correctional facility in Florence, Colorado (FCI-Florence).[1]  Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis.  Plaintiff remains obligated to pay the remainder of the $250.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

     Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

     In this action, plaintiff complains of the loss of his legal

---

[1]Plaintiff's motion for leave to file only an original complaint and motions is granted, but leave to do so in plaintiff's future filings in this matter is subject to being re-examined by the court and withdrawn by court order.

materials during his transport by the United States Marshal Service (USMS) from a facility operated by the Corrections Corporation of America (CCA) in Leavenworth, Kansas (CCA-Leavenworth), to a Bureau of Prisons transit center in Oklahoma and then to FCI-Florence. Plaintiff claims the loss of his legal materials has impaired his ability to proceed in pending litigation, and alleges retaliation in the intentional refusal to return his legal materials.   The defendants named in the complaint are CCA (identified by plaintiff as a Tennessee Corporation that owns and operates CCA-Leavenworth), the CCA Warden, and CCA transport officers Myers and Thompson.

To establish a cause of action, plaintiff must point to some evidence that would support a finding that a federal agent acting under color of such authority violated some cognizable constitutional right of plaintiff.   Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). *See* Seigert v. Gilley, 500 U.S. 226 (1991)(to support Bivens claim, alleged conduct must rise to level of constitutional violation).

Plaintiff has a constitutional right adequate, effective, and meaningful access to the courts.   Petrick v. Maynard, 11 F.3d 991, 994 (10th Cir. 1993).   However, "[t]o present a viable claim for denial of access to courts ... an inmate must allege and prove prejudice arising from the defendants' actions."   Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998).   This is a constitutional requirement, and "is not satisfied by just any type of frustrated legal claim."   Lewis v. Casey, 518 U.S. 343, 351 and 355 (1996).   An injury only occurs when prisoners are prevented from attacking their sentences or challenging the conditions of their

2

confinement.  Id. at 356.  "[I]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id.

In the present case plaintiff seeks damages and declaratory and injunctive relief on allegations that defendants violated his constitutional rights by failing to send plaintiff's legal material with plaintiff when he was transferred from CCA-Leavenworth on morning of October 25, 2005.  Plaintiff states that in preparation for his transfer, he placed "pleadings, motions, memorandums of law, affidavits, court orders, legal correspondence, legal work product, [and] legal materials" in several large manila envelopes, and identifies these documents as prepared in relation to his pending cases on appeal in federal and state courts in Nebraska.[2]  Plaintiff also states he was escorted from his CCA cell by Officers Myers and Thompson, and that these officers carried his legal papers and placed them in an office pending confirmation that USMS would allow plaintiff to transfer these materials.   Plaintiff was then

---

[2]Plaintiff identifies the following cases with pending appeals:

Hansen v. Vampola, et al., Appeal No. 05-1149 (Nebraska Court of Appeals)

Hansen v. Vampola, et al., Appeal No. 05-1195 (Nebraska Court of Appeals)

Hansen v. Vampola, et al., Case No. 05-3176 (D.Neb. dismissed November 14, 2005), Appeal No. 06-1091 (8th Cir.)

Hansen v. U.S. Marshal Service for the District of Nebraska, et al., Case No. 05-3232 (D.Neb. dismissed January 9, 2006), Appeal No. 06-1374 (8th Cir.)

Hansen v. County of Saline, Nebraska, et al., Case No. (not provided)(summary judgment granted to defendants, December 29, 2005), Appeal No. 06-0072 (Nebraska Court of Appeals)

transported to the BOP transit center in Oklahoma and then to FCI-Florence, and claims his legal materials were neither sent in his transport nor forwarded to plaintiff's final destination.  He further claims defendants' failure to do so was in retaliation for plaintiff's previously filed litigation against the USMS, a federal agency contracting with CCA, concerning the alleged denial of access to boxes of other legal materials.

Plaintiff identifies no administrative efforts through the CCA facility or USMS after the fact, or through administrative remedies at FCI-Florence, to locate and secure his missing manila envelopes. *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  Accordingly, dismissal of this action without prejudice might be appropriate.

However, because plaintiff names only CCA defendants and claims administrative remedies within CCA became unavailable upon his transfer from the facility, the court examines plaintiff's claims and finds they are subject to being summarily dismissed as stating no claim for relief for the following reasons.  *See* 42 U.S.C. § 1997e(c) (court is to dismiss on its own motion any action brought with respect to prison conditions if satisfied the case fails to state a claim upon which relief can be granted, and may do so without first requiring the exhaustion of administrative remedies).

First, plaintiff's claims for declaratory and injunctive relief in this matter were rendered moot by his transfer from the CCA

4

facility.[3]     *See*  <u>Martin  v.  Sargent</u>,  780  F.2d  1334  (8th  Cir.
1985)(claim  for  injunctive  relief  moot  if  no  longer  subject  to
conditions); <u>Cox v. Phelps Dodge Corp.</u>, 43 F.3d 1345, 1348 (10th
Cir. 1994)(declaratory relief subject to mootness doctrine).

Second, plaintiff's allegations state no actionable claim for
damages against CCA.  *See* <u>Correctional Services Corp. v. Malesko</u>,
534 U.S. 61 (2001)(there is no implied private right of action for
damages against private entities engaged in alleged constitutional
violations while acting under color of federal law).

Third, plaintiff identifies no personal participation of the
CCA Warden in any alleged misconduct, which is essential to state a
cognizable  claim  of  constitutional  deprivation.    *See*  <u>Foote  v.
Spiegel</u>, 118 F.3d 1416, 1423 (10th Cir. 1997); <u>Jenkins v. Wood</u>, 81
F.3d 988, 994- 95 (10th Cir. 1996).  Plaintiff may not rely on the
doctrine of respondeat superior to hold a defendant liable by virtue
of the defendant's supervisory position.  <u>Rizzo v. Goode</u>, 423 U.S.
362 (1976).

Fourth, plaintiff's allegations against defendants Myers and
Thompson fail to state any claim of constitutional deprivation.
Although  a  prisoner  has  a  constitutional  right  to  adequate,
effective,  and  meaningful  access  to  the  court  to  challenge
violations of constitutional rights, <u>Bounds v. Smith</u>, 430 U.S. 817,
828 (1977), the prisoner must also demonstrate that his ability to
pursue a nonfrivolous legal claim was impaired. <u>Lewis v. Casey</u>, 518

---

[3]Plaintiff's  request  for  a  temporary  restraining  order  or
preliminary  injunction,  seeking  defendants'  production  of  the
materials in the manila envelopes, is also denied.

U.S. 343, 351 (1996).  To the extent plaintiff contends that any interference in a prisoner's possession of materials related to pending litigation is sufficient in and of itself to state a claim of constitutional deprivation, such a contention is not accurate. To state claim of denied access to the court, an inmate "must show that any denial or delay of access to the court prejudiced him in pursuing litigation." Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996).  Here, plaintiff's broad reference to manila envelopes containing legal materials prepared in relation to various pending appeals, and his bare claim of impediment in those actions, are wholly inadequate to demonstrate that plaintiff suffered any prejudice by the denial or loss of the these legal materials.

And finally, although it is recognized that prison officials may not retaliate against an inmate for pursuing a constitutionally protected activity, Smith v. Maschner, 899 F.2d 940 (10th Cir. 1990), a mere allegation of constitutional retaliation is not sufficient.  Plaintiff must allege specific facts showing retaliation because of plaintiff's exercise of his constitutional rights.  Frazier v. DuBois, 922 F.2d 560, 562 n.1. (10th Cir. 1990). To establish retaliation, an inmate "must prove that 'but for' the retaliatory motive, the incidents to which he refers ... would not have taken place." Peterson v. Shanks, 149 F.3d 1140, 1144 (10 Cir. 1998).  Plaintiff's bare allegation of retaliation by CCA officers based upon plaintiff's prior litigation against USMS fall far short of stating a claim for relief under this constitutional standard.

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief,

6

for the reasons stated herein.   The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

Plaintiff's motions for appointment of counsel and for service of process by the United States Marshal Service are denied without prejudice.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with collection of the remainder of the $250.00 district court filing fee to proceed pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motion to file only an original complaint and motions (Doc. 3) is granted.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 6), motion for a temporary restraining order (Doc. 8) or preliminary injunction (Doc. 8), and motion for service of process (Doc. 12) are denied without prejudice.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:   This 2nd day of November 2006 at Topeka, Kansas.


_s/ Sam A. Crow_____
SAM A. CROW
U.S. Senior District Judge


7