IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**RICHARD OTTO HANSEN,**

                           Plaintiff,
                                                CIVIL ACTION
     vs.                                        No. 06-3076-SAC

**CORRECTIONS CORPORATION OF AMERICA, INC, et al.,**

                           Defendants.


<u>ORDER</u>

Plaintiff proceeds pro se and in forma pauperis on a civil complaint filed while he was confined in a federal correctional facility in Florence, Colorado. Plaintiff cites the loss of his legal materials during his transport by the United States Marshal Service (USMS) from a Leavenworth, Kansas, facility operated by the Corrections Corporation of America (CCA), to a Bureau of Prisons transit center in Oklahoma, and seeks relief under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for defendants' alleged retaliation and interference in plaintiff's right of access to the courts. The defendants named in the complaint are the CCA, the CCA-Leavenworth Warden, and CCA-Leavenworth Transport Officers Myers and Thompson.

By an order dated November 2, 2006, the court directed plaintiff to show cause why the complaint should not be dismissed because plaintiff's pursuit of declaratory and injunctive relief was rendered moot by plaintiff's transfer from the CCA-Leavenworth

facility, and because plaintiff's allegations stated no claim upon which damages could be awarded under Bivens.

In response plaintiff filed an interlocutory appeal which he subsequently withdrew. He also filed a response to the November 2006 show cause order, and an amended complaint. Having reviewed the record, the court finds the amended complaint should be dismissed for the reasons stated in the November 2006 show cause order.

Plaintiff argues his demand for declaratory and injunctive relief is not moot because the issue is capable of being repeated, and because defendants have not yet provided plaintiff with his legal materials. The court finds no merit in this argument. Plaintiff now resides in Nebraska, and his assumption that his legal materials remain at the CCA facility is conclusory at best. Plaintiff also ignores the fact that administrative remedies within the Bureau of Prisons remained available to locate and retrieve his property after his transfer from the CCA holding facility.[1]

The court also continues to find plaintiff's allegations present no claim of constitutional significance upon which relief can be granted under Bivens against any of the individual CCA

---

[1] Indeed, plaintiff filed a separate action in the United States District Court in the District of Colorado, at the same time he initiated the instant complaint. In that separate lawsuit, plaintiff alleged officials at the Colorado facility did not allow him to receive boxes of plaintiff's legal materials that had been mailed to him by his family in Nebraska. Hansen v. Federal Bureau of Prisons, Case No. 06-476. That action was dismissed without prejudice, based in part on plaintiff's failure to exhaust available administrative remedies. Id.

defendants.[2] While plaintiff claims the loss of his legal materials adversely impacted his ability to prepare and file pleadings in pending or anticipated cases, the court remains convinced that plaintiff identifies no prejudice to a nonfrivolous action that resulted from any defendants' alleged misconduct. A showing of prejudice is essential for stating an actionable claim for relief. *See* Lewis v. Casey, 518 U.S. 343, 351 (1996)(to establish a right of access claim, a plaintiff must show actual prejudice in pursuing a valid nonfrivolous claim). Plaintiff's reliance on pre-Lewis cases, and his implication that his appeals would have been successful in cited cases if his legal materials had been in hand, are insufficient.

Additionally, to the extent an alternative action was available to plaintiff in the state courts, plaintiff has no right of action for damages under Bivens against the CCA-Leavenworth transport officers for their alleged violation of his constitutional rights. *See* Peoples v. CCA Detention Centers, 422 F.3d 1090, 1101 (10th Cir. 2005); Lindsey v. Bowlin, 557 F.Supp.2d 1225 (D.Kan. 2008).

And finally, plaintiff's allegations of retaliation remain conclusory and wholly insufficient to plausibly find that "but for" an improper retaliatory motive against plaintiff for his prior

---

[2]Plaintiff does not contest the dismissal of CCA as a defendant. *See* Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001)(no implied private right of action for damages against private entities engaged in alleged constitutional violations while acting under color of federal law). Nor does plaintiff identify any personal participation by the CCA Warden in the alleged loss of plaintiff's legal materials, which is essential to stating a cognizable claim of constitutional deprivation. *See* Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997).

litigation against the United States Marshal Service, the CCA-Leavenworth officers would have forwarded plaintiff's legal materials during his transport from the CCA facility.  *See* Peterson v. Shanks, 149 F.3d 1140, 1144 (10 Cir. 1998).

The court thus concludes the amended complaint should be dismissed because plaintiff's prayer for declaratory and injunctive relief are moot, and because plaintiff's allegations state no claim upon which damages can be awarded against any of the defendants.

IT IS THEREFORE ORDERED that the amended complaint is dismissed as moot, and as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 29th day of January 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge